PER CURIAM.
The appellant herein seeks review of the Trial Court’s denial of his Petition for Writ of Habeas Corpus, which said petition, based upon the allegations contained therein, must be treated as a Motion for Post-Conviction Relief filed pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure.
Review of the record in this case demonstrates that the position taken by the State of Florida, as contained within their “Response to Petition for Writ of Habeas Corpus”, correctly reflects the posture of this case. Appellant’s sentence became final in 1972 and, pursuant to Fla.R.Crim.P. 3.850, appellant had until January 1,1987 to file a motion for any post-conviction relief that he thought that he was entitled to. The issue raised by the appellant herein, to-wit: the alleged ineffective assistance of trial counsel, is one that is properly raised through the filing of a Motion for Post-Conviction Relief as provided for in Rule 3.850, as referred to above. Accordingly, the motion (petition) filed by the appellant on May 15, 1990, was more than three years too late. In addition, appellant does not claim the violation of any fundamental constitutional right which would be deemed to be an exception to the foregoing rule. See Johnson v. State, 536 So.2d 1009 (Fla.1988).
Accordingly, the trial judge was eminently correct in denying the appellant’s motion (petition).
Affirmed.
FERGUSON and LEVY, JJ., concur.